# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**MICHAEL PRUITT, #128517**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL NO. 3:21-cv-00806-CWR-LGI**

**WARDEN JACOB VIGILANTE,
CERT RUSSELL, CAPTAIN UNKNOWN
RAY, UNIT MANAGER COURTNEA
HOWARD, OFFICER UNKNOWN
RASHAD, SERGEANT MARCUS
ROBINSON, JOHN DOES (EMCF STAFF)**                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion [44] for Default Judgment. Having considered the motion and the applicable law, the undersigned recommends that Plaintiff's Motion [44] be denied.

### I.  BACKGROUND

*Pro se* Plaintiff Michael Pruitt ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC"). Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act, and he brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1]; Order [5]. The remaining named Defendants are Jacob Vigilante, Warden at East Mississippi Correctional Facility (EMCF); Cert Russell; Unknown Ray, Captain at EMCF; Courtnea Howard, Unit Manager at EMCF; Unknown Rashad, Correctional Officer at EMCF; Marcus Robinson, Sergeant at EMCF; and John Does, EMCF staff. *See*

Order of Partial Dismissal [20] (dismissing Defendants State of Mississippi, Burl Cain, Jeworski Mallett, and Ron King).

On May 18, 2023, Plaintiff filed a Motion for a Default Judgment wherein he also purports to "move[ ] for full summary judgment." Mot. [44] at 1. Plaintiff states that he seeks a Default Judgment but provides no grounds in support of this conclusory assertion. *Id*. at 2. Instead, Plaintiff appears to seek relief from the Order [5] granting his motion to proceed *in forma pauperis* ("IFP") and setting a payment schedule for the filing fee. *Id*. at 2-3. The remainder of Plaintiff's Motion [44] repeats allegations presented in his prior pleadings, *id*. at 4-5, and responds to the Court's prior Orders [34],[37] directing Plaintiff to provide identifying information to serve process on Defendants Russell, Ray, and Rashad. *Id*. at 5.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 addresses the failure of a party "to plead or otherwise defend" a civil action. Fed. R. Civ. P. 55(a) (setting forth requirements for default). All served Defendants filed timely answers in this case and continue to actively litigate this case. Defendants Vigilante, Howard, and Robinson filed a Waiver [32] of Service on February 9, 2023, and their Answer [40] to the Complaint on April 3, 2023. To date, Defendants Russell, Ray, and Rashad have not been served with process. *See* Order directing Plaintiff to Respond [34] (directing Plaintiff to supply a correct name for Defendants Rashad and Russell and provide additional identifying information for Defendant Ray).

2

Plaintiff fails to meet the criteria for relief under Rule 55.  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  A Default Judgment is not available to Plaintiff in this case.

Additionally, Plaintiff is not entitled to relief from the Order Setting Payment Schedule [5] that directs payments of the filing fee in accord with the IFP statute, 28 U.S.C. § 1915.  *See Hatchet v. Nettles*, 201 F. 3d 651, 654 (5th Cir. 2000) (holding prisoner proceeding IFP is "obligated to pay the full filing fee" and relief from an order directing payment of the filling fee is not available).  Finally, the other allegations within Plaintiff's Motion [44] are repetitious to his prior pleadings and Plaintiff's responses directed at the prior Orders to further identify the unserved defendants are also before the Court in a separate filing.  *See* Resp. [48].

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion [44] for Default Judgment wherein Plaintiff purports to "move[ ] for full summary judgment" be DENIED WITH PREJUDICE.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections

to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 28th day of August, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE