IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL PRUITT, #128517**                                                        **PLAINTIFF**

v.                                                       CIVIL NO. 3:21-cv-00806-CWR-LGI

**WARDEN JACOB VIGILANTE,
CERT RUSSELL, CAPTAIN UNKNOWN
RAY, UNIT MANAGER COURTNEA
HOWARD, OFFICER UNKNOWN
RASHAD, SERGEANT MARCUS
ROBINSON, JOHN DOES (EMCF STAFF)**                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Vigilante, Howard, and Robinson's Motion [46] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [46] for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff Michael Pruitt ("Plaintiff") is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi. Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1]; Order [5]. Plaintiff complains about the conditions of his previous confinement at East Mississippi

Correctional Facility ("EMCF") in Meridian, Mississippi. The named Defendants are Jacob Vigilante, Warden at EMCF; Cert Russell; Unknown Ray, Captain at EMCF; Courtnea Howard, Unit Manager at EMCF; Unknown Rashad, Correctional Officer at EMCF; Marcus Robinson, Sergeant at EMCF; and John Does, Staff at EMCF.

In an effort to develop Plaintiff's claims, the Court entered two Orders directing Plaintiff to respond by detailing his claims in accordance with the Court's orders. *See* Order [6], Order [10]. After review of Plaintiff's filings, the Court entered an Order of Partial Dismissal [20], dismissing, *sua sponte*, Plaintiff's § 1983 claims against Defendants State of Mississippi, Governor Tate Reeves, Commissioner Burl Cain, Jeworski Mallett, and Ron King for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismissed Plaintiff's *Bivens* claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i)-(ii). Order [20] at 6. Next, the Court dismissed Plaintiff's claims seeking habeas corpus relief without prejudice. *Id*. Lastly, the Court found that "Plaintiff's claims about being stabbed and having his property thrown away in September of 2021 presents at this time an arguable § 1983 claim against Defendants Warden Vigilante, Cert Russell, Captain Ray, Unit Manager Howard, Correctional Officer Rashad, Sergeant Robinson, and John Does, EMCF Staff." *Id*. at 5.

The Court ordered service of process to issue for the remaining Defendants. *See* Order [21]. Counsel for the private corporation that operates EMCF waived service on behalf of Defendants Vigilante, Howard, and Robinson but was unable to identify Defendants Russell, Ray, and Rashad. *See* Waiver [32]; Response [33]. The

Court directed Plaintiff to provide a correct name for Defendants Russell and Rashad and provide additional identifying information for Defendant Ray or if unsuccessful in obtaining this information, explain why. *See* Order [34]. After two show cause orders [37],[42], and liberal construction of Plaintiff's filings, *see* Order [49], Plaintiff responded to the Order [34]. *See* Resp. [48]. To date, only Defendants Vigilante, Howard, and Robinson have been served with process and have appeared in this action.

On June 15, 2023, Defendants Vigilante, Howard, and Robinson filed a Motion [46] for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. Plaintiff did not file a response, and the time for doing so has expired.

## II. DISCUSSION

A.   Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Court must also "refrain from making credibility determinations or weighing the evidence." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citation omitted).

Summary judgment is routinely utilized to decide if pre-filing exhaustion is completed by prisoners in conditions-of-confinement cases. *See, e.g., Wilson v. Epps*,

776 F.3d 296, 299 (5th Cir. 2015) (finding "there is no genuine issue of material fact as to whether Wilson exhausted his administrative remedies, and summary judgment was appropriate"); *Dillon*, 596 F.3d at 272 ("[E]xhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."). If defendants meet their "initial summary judgment burden of showing that there [is] no genuine issue of material fact regarding exhaustion" and the prisoner-plaintiff "fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion, the district court [is] required to dismiss his claims." *Jackson v. Hall*, 763 F. App'x 376, 376-77 (5th Cir. 2019) (affirming summary judgment dismissal for failure to exhaust administrative remedies, noting that district court did not err by ruling on prisoner's claims in the context of summary judgment without allowing discovery or conducting an evidentiary hearing).

B.   <u>The PLRA's Exhaustion Requirement</u>

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement (1) "give[s] an agency an opportunity to correct its own mistakes . . . before it is haled into federal court" and (2) it permits "claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court." *Johnson v. Ford*, 361 F. App'x 752, 755 (5th Cir. 2008) (internal quotation marks and citations omitted) (discussing purposes of § 1997e(a)). It is well-settled that a prisoner must complete the exhaustion of available administrative remedies

4

prior to filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory").

Exhaustion under the PLRA is an affirmative defense, and the burden is on Defendants to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet their burden, Defendants "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson*, 776 F.3d at 299 (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules– rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts*, 877 F.3d at 582 (quoting *Jones*, 549 U.S. at 218); *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."). Finally, the exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

C.   <u>MDOC's Administrative Remedy Program</u>

Initially, the Court notes that MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook. The moving Defendants filed a copy of the relevant Inmate Handbook as an Exhibit [46-2] to their Motion [46] for Summary Judgment.[1]

---

[1] Since the PLRA "requires that administrative remedies be exhausted before the filing of a § 1983 suit," *see Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998), the rules governing MDOC's

5

MDOC implemented the Administrative Remedy Program statewide under the authority of Miss. Code Ann. § 47-5-801, and the existing version of the program was approved in *Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010). The program is available for use by "all inmates committed to the custody of MDOC" in "all" institutions and facilities. [46-2] at 17.[2]

The ARP is a two-step process through which an inmate may present grievances relating to his incarceration. *See id.* at 17-18; *Jackson*, 763 F. App'x at 377. To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018) (internal citations omitted). The legal-claims adjudicator may also reject the grievance, meaning the grievance is not forwarded to the appropriate official for a step one response but instead the grievance is returned to the inmate. [46-2] at 17 (listing five reasons for rejection). Written notice of acceptance into the program or rejection is provided to the inmate. *Id.* at 18. If the request is "rejected for technical reasons or matters of form," the inmate has five days from the date of the rejection to submit a corrected grievance. *Id.*

---

Administrative Remedy Program "at the time prior to the filing of [Plaintiff's] suit" apply. *Wilson*, 776 F.3d at 299.
[2] All citations to the Inmate Handbook [46-2] reflect CM/ECF pagination.

An MDOC inmate completes the exhaustion of his administrative remedies when he proceeds through both steps of the ARP process. *See Wilson*, 776 F.3d at 302 (discussing MDOC's ARP process). There is an exception for disciplinary appeals. An inmate is required to file his appeal grievance within 15 days "after a copy of the disciplinary Hearing Officer's decision is offered to the offender" and the inmate completes the ARP process for a disciplinary decision or Rule Violation Report ("RVR") appeal when he receives his first step response. [46-2] at 18 (setting forth separate process for RVR appeals within MDOC's administrative remedy program).

D. <u>Plaintiff's Filings with the Administrative Remedy Program</u>

In support of their Motion for Summary Judgment, Defendants submit an Affidavit from Marco Ugalde, the ARP Coordinator at EMCF. *See* [46-1] at 1-2. Ugalde states that he has reviewed the "records and information maintained in the ARP files at EMCF and on MDOC's Offendertrak database regarding grievances submitted" by Plaintiff "pertaining to his incarceration at EMCF." *Id*. at 1. Plaintiff's grievances are detailed below.

1. <u>EMCF 21-345</u>

The ARP records indicate that Plaintiff appealed a prison disciplinary decision (Rule Violation Report #1915685) that is identified as EMCF 21-345. *See* [46-1] at 11-13. A first step response issued for this grievance on June 10, 2021, signifying completion of the program for an RVR appeal. *Id*. at 25 (noting Plaintiff "fulfilled

the requirements" of the ARP for this RVR appeal). Plaintiff signed his receipt of this notice on June 14, 2021. *Id.*

    2. EMCF 21-565

The ARP records further indicate that in July or August of 2021, Plaintiff appealed a different prison disciplinary decision (Rule Violation Report #1913766) that is identified as EMCF 21-565. *Id.* at 3-6 (Plaintiff dated his grievance July 14, 2021, and it is stamped received by the ARP Department on August 9, 2021). In his appeal grievance, Plaintiff states that on May 25, 2021, he received RVR #1913766. *Id.* at 8. On September 20, 2021, Richard Pennington, the Director for MDOC's Administrative Remedy Program, rejected this grievance because of a time lapse between the date of the incident and the receipt of the grievance by the program. *Id.* at 4. Plaintiff signed a form indicating that he received the rejection notice on October 12, 2021. *Id.* at 3. The ARP records do not reflect any further filings concerning this grievance.

E.    <u>Arguments of the Parties</u>

Defendants Vigilante, Howard, and Rashad maintain that Plaintiff failed to complete the ARP process for any grievance related to the claims in this lawsuit prior to filing this action. For these reasons, the moving Defendants argue they are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies. As stated above, Plaintiff did not file a response to the Motion for Summary Judgment, and the time for doing so has expired.

F. <u>Analysis</u>

After review of Plaintiff's Complaint and ARP records, it is clear that Plaintiff did not complete MDOC's ARP process for the claims he presents in this civil action. The moving Defendants submit ARP records indicating that Plaintiff filed two grievances with the ARP appealing disciplinary decisions. Neither grievance addresses Plaintiff's claims related to the stabbing and loss of property that occurred in September of 2021. In fact, both grievances were filed prior to September of 2021.

The Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement. *Wilson*, 776 F.3d at 299-300. A prisoner's grievance must be sufficiently specific to provide officials with "a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson,* 385 F.3d 503, 517 (5th Cir. 2004). The record reveals that Plaintiff's two grievances related to his incarceration at EMCF fail to address the allegations remaining in this civil action. Thus, Plaintiff did not complete the ARP process for the remaining claims in this case, thereby failing to properly exhaust his available administrative remedies prior to filing his Complaint.

Based on the foregoing, Defendants Vigilante, Howard, and Robinson's Motion for Summary Judgment should be granted. The summary judgment evidence also shows that Plaintiff has not exhausted his administrative remedies as to the unserved or non-appearing defendants. A defendant who has not appeared can benefit from the defenses raised by other defendants who have appeared. *Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001) (holding non-appearing parties may "benefit

from the appearing defendant's favorable summary judgment motion"). Therefore, Defendants Russell, Ray, Rashad, and John Does should benefit from the appearing Defendants' Motion [46] for Summary Judgment. *See e.g.*, *Patel v. Haro*, 470 F. App'x 240, 245 (5th Cir. 2012) (affirming district court's decision allowing a non-appearing defendant "to benefit from the favorable disposition of the appearing defendants' summary judgment motion").

### III. RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendant Vigilante, Howard, and Robinson's Motion [46] for Summary Judgment be GRANTED;

2. This case be dismissed WITHOUT PREJUDICE; and

3. A final judgment be entered as the adoption of this Report and Recommendation that will dispose of all the claims against all Defendants.

### IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b);

*Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 28th day of August, 2023.

                     s/ *LaKeysha Greer Isaac*
                  UNITED STATES MAGISTRATE JUDGE